United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSEPH RAEL,<br><br>        Plaintiff,<br><br>    v.<br><br>I. PEREZ PANTOJA, et al.,<br><br>        Defendants. | Case No. 20-cv-01932-LB<br><br>**ORDER OF SERVICE**<br>Re: ECF No. 1 |

## INTRODUCTION

Joseph Rael, an inmate at the Correctional Training Facility in Soledad (CTF-Soledad), filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 1 at 4.)[1] His complaint is now before the court for review. This order finds that the complaint states a cognizable claim and orders service of process on the two defendants.

## STATEMENT

Mr. Rael alleges the following in his complaint: On April 13, 2018, correctional officer (C/O) Guerra refused to let Mr. Rael go to a prison job. Mr. Rael told C/O Guerra that he would submit a

---

[1] Citations are to material in the Electronic Case File ("ECF"); pinpoint cites are to the ECF-generated page numbers at the top of the documents.

ORDER – No. 20-cv-01932-LB

1    staff complaint against C/O Guerra. Later that day, C/O Guerra was compelled to let Mr. Rael go

2    to the job assignment, and Mr. Rael again told C/O Guerra he would file a complaint. A few days

3    later, on April 17, 2018, C/O Perez-Pantoja asked if Mr. Rael had said to C/O Guerra that Mr.

4    Rael would "write him up" and Mr. Rael responded that it had nothing to with C/O Perez-Pantoja,

5    who then suggested that it would be bad if the "homies" learned that Mr. Rael was a snitch. (ECF

6    No. 1 at 9.)

7    Mr. Rael further alleges in his complaint: On April 21, 2018, Mr. Rael was in his cell with a

8    contraband cell phone when C/O Perez-Pantoja and C/O Guerra entered the cell and attacked Mr.

9    Rael, who was not posing any threat or resisting. The guards hit Mr. Rael with batons, pepper-

10   sprayed him, slammed him to the ground, climbed atop him, and applied handcuffs very tightly.

11   C/O Perez-Pantoja then falsified a rule violation report against Mr. Rael for resisting, disobeying

12   orders, and assaulting the correctional officers.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

An Eighth Amendment violation may occur when prison officials "maliciously and sadistically use force to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Liberally construed, the complaint states a § 1983 claim against C/O Guerra and C/O Perez-Pantoja for the use of excessive force on Mr. Rael on April 21, 2018.

An inmate has a First Amendment right to complain about prison officials without being subjected to retaliation in response thereto. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Liberally construed, the *pro se* complaint states a cognizable claim against C/O Guerra and C/O Perez-Pantoja for retaliation based on their adverse actions (i.e., using unnecessary force on him and writing a false rule violation report) in response to Mr. Rael's statement of intent to file an inmate appeal.

**CONCLUSION**

1. Liberally construed, the complaint states cognizable § 1983 claims against C/O Perez-Pantoja and C/O J. Guerra.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, a copy of all the documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon C/O I. Perez-Pantoja and C/O J. Guerra, both of whom apparently work at CTF-Soledad.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 26, 2020**, the defendants must file and serve a motion for summary judgment or other dispositive motion. If the defendants are of the opinion that this case cannot be resolved by summary judgment, the defendants must so inform the court prior to the date the motion is due. If the defendants file a motion for summary judgment, the defendants must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on nonexhaustion of administrative remedies, the defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b. The plaintiff must file and serve his opposition to the summary judgment or other dispositive motion no later than **August 7, 2020**. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. If the defendants wish to file a reply brief, the reply brief must be filed and served no later than **August 28, 2020.**

4. The plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he or she is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by the plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's

counsel has been designated, the plaintiff may serve a document by mailing a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility or is released from custody.

8. The plaintiff is cautioned that he must include the case name and case number for this case on every document he files.

**IT IS SO ORDERED.**

Dated: March 27, 2020

_____
LAUREL BEELER
United States Magistrate Judge