UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAEL,<br><br>    Plaintiff,<br><br>v.<br><br>I. PEREZ PANTOJA, et al.,<br><br>    Defendants. | Case No. 20-cv-01932-RMI<br><br>**ORDER RE: DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 26 |

Now pending before the court is Defendants' Motion for Partial Summary Judgment (dkts. 26, 27), seeking summary judgment on exhaustion grounds in favor of Defendants Guerra and Perez-Pantoja (as to Plaintiff's First Amendment retaliation claim), and Judgment on the Pleadings, on the grounds that the claims for damages are barred by the Eleventh Amendment and that the request for declaratory relief should be dismissed. Plaintiff has responded (dkt. 29), and Defendants have replied (dkts. 33, 34). For the reasons stated below, Defendants' Motion is granted.

## MOTION FOR SUMMARY JUDGMENT

### BACKGROUND

Plaintiff, a California state prisoner, has sued two correctional officers employed by the California Department of Corrections and Rehabilitation ("CDCR") pursuant to 42 U.S.C. § 1983, for excessive force and retaliation. Plaintiff alleges that on April 13, 2018, he told Defendant Guerra that he would submit a staff complaint against him. (dkt. 3) at 1-2. On April 17, 2018, Defendant Perez-Pantoja asked Plaintiff if he was going to write up Guerra and that if Plaintiff did, it would be bad if other inmates learned that Plaintiff was a snitch. *Id.* at 2. Plaintiff states that both Defendants used excessive force against him on April 21, 2018, and later created a false

1  Rules Violation Report ("RVR") against him. *Id*. at 2-3. Plaintiff alleges that the threat to tell other
2  inmates he was a snitch, the excessive force, and the false RVR were all effected in retaliation for
3  his statement that he would submit a staff complaint. *Id*.[1]

**Appeals Process**

The salient facts are undisputed unless otherwise noted. During the relevant time, CDCR provided an administrative appeals process in accordance with sections 3084 and 3085 of title 15 of the California Code of Regulations. Cal. Code Regs. tit. 15, § 3084.1(a).[2] An inmate could appeal any departmental decision, action, condition, or policy that had a material adverse effect on the inmate's health, safety, or welfare. *Id*. Inmates could initiate a review by submitting a CDCR 602 Form, commonly referred to as an appeal form, that described the issue and the requested action. *Id*. § 3084.2(a).

This process consisted of three levels of appeal: (1) first-level appeal, (2) second-level appeal to the institution head or designee, and (3) third-level appeal to the Secretary of CDCR. *Id*. § 3084.7. First-and second-level appeals were handled by staff located at the respective institutions, while third-level nonmedical appeals were decided by CDCR staff at the Office of Appeals in Sacramento. Defs.' Mot. (dkt. 26-3) Monroy Decl. ¶ 4. A substantive decision on an appeal at the third level exhausts CDCR's administrative remedies. Cal. Code Regs. tit. 15, § 3084.7(d)(3).

The Office of Appeals keeps an electronic record of each inmate appeal that has proceeded through the final level of review, including appeals that were received and screened out. Defs.' Mot. (dkt. 26-4) Moseley Decl. ¶ 3.

**Plaintiff's Appeal History**

Grievance Number CTF-18-01511 is the only appeal Plaintiff exhausted concerning the allegations in this action. Defs.' Mot. (dkt. 26-2) Padua Decl., Rael Deposition at 154-56. Plaintiff alleged in the grievance that Defendants used excessive force against him in violation of *Hudson*

---

[1] Defendants do not seek summary judgment regarding Plaintiff's claim of excessive force.

[2] Sections 3084 and 3085 were repealed on June 1, 2020; however, they were in effect during the time of Plaintiff's inmate appeals.

1  *v. McMillian*, on April 21, 2018. Defs.' Mot. (dkt. 26-4) Moseley Decl. Ex. B. at 7, 9. He stated
2  that Defendants abruptly opened his cell door, sprayed him in the face with pepper spray, struck
3  him in the back with a baton and then jumped on Plaintiff's back when he was on the ground. *Id*.
4  Plaintiff stated that one Defendant acknowledged his "retaliatory ethical means exactly from week
5  prior" and that the intent was "retaliatory." *Id*. Plaintiff provided no further information regarding
6  retaliation, nor did he describe any statement he made to file a grievance against a Defendant, any
7  threats made by Defendants to tell other inmates he was a snitch or any false RVR being issued.
8  *Id*. Plaintiff described a false RVR at the third level of review, but it was not addressed on the
9  merits. Cal. Code Regs. tit. 15, § 3084.1(b); 3084.6(b)(16); Moseley Decl. Ex. B. at 8, 10.

       Grievance Number CTF-18-03717 alleged that on November 24, 2018, Defendant Guerra verbally harassed Plaintiff calling him a "snitch-02," which may refer to a CDCR 602 appeal form. Moseley Decl. Ex. C at 20, 22. Plaintiff stated in his deposition that the incident described in this appeal is not part of the present complaint. Defs.' Mot. (dkt. 26-2) Padua Decl., Rael Deposition at 97, 153.

## LEGAL STANDARD

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claim, or to a defense on which the nonmoving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id*. The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986).

On summary judgment, a court will draw all reasonable factual inferences in favor of the nonmovant. *Id*. at 255. In deciding summary judgment motions, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury

3

functions, not those of a judge." *Id*. However, conclusory or speculative testimony or allegations do not raise genuine issues of fact and are insufficient to defeat summary judgment. *See e.g., Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

"The PLRA [Prison Litigation Reform Act] mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id*. at 1168. The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. *Id*. at 1172. If the defendant meets that burden, the prisoner must then present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Id*. The ultimate burden of proof remains with the defendant, however. *Id*. If undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id*. at 1166. But if material facts are disputed, summary judgment should be denied and the judge rather than a jury should determine the facts in a preliminary proceeding. *Id*.

An inmate "need not exhaust unavailable [remedies]." *Ross v. Blake*, 578 U.S. 632, 642 (2016). An administrative remedy is unavailable "when (despite what regulations or guidance materials may promise) it operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; or when "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use, [i.e.,] some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate [the mechanism]"; or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 643-44.

//

//

## DISCUSSION

Defendants allegedly committed three retaliatory acts against Plaintiff: (1) a threat against Plaintiff on April 17, 2018, to tell other inmates he was an informant; (2) the excessive force incident on April 21, 2018; and (3) the issuance of the false RVR. Defs.' Mot. (dkt. 26-2) Padua Decl., Rael Deposition at 95; (dkt. 3) at 2-3. These acts were alleged to be in response to Plaintiff stating on April 13, 2018, that he would submit a staff complaint against Defendant Guerra. *Id.* at 1-2.

Defendants argue that there was an available administrative remedy, but that Plaintiff failed to exhaust his First Amendment retaliation claim with the only relevant appeal, Grievance Number CTF-18-01511. In *Griffin v. Arpaio*, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit noted that "the primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Id.* at 1120. In *Griffin*, the plaintiff failed to mention in his grievance that prison staff were ignoring a nurse's order that remedied the problem. *Id.* at 1118-19. As a result, the prison officials who were aware of the nurse's order reasonably believed that the order had solved the problem. In view of these facts, the Ninth Circuit concluded that the plaintiff failed to properly exhaust his administrative remedies because he did not provide notice of the prison staff's alleged disregard of the nurse's order and the prison was never alerted "to the nature of his problem." *Id.* at 1121.

Similar to *Griffin*, Plaintiff failed to sufficiently alert prison officials that he was subject to specific acts of retaliation for his protected conduct by Defendants and that he was raising an allegation of retaliation. The primary focus of the inmate appeal he submitted was the incident of excessive force. Plaintiff spent nearly the entirety of the appeal form discussing the details of the assault. Defs.' Motion (dkt. 26-4) Moseley Decl. Ex. B. at 7, 9. Plaintiff's inclusion of statements that a Defendant acknowledged their "retaliatory ethical means exactly from week prior" and that their intent was "retaliatory" is insufficient. It would be difficult for prison officials to determine from this appeal that Plaintiff was subject to specific instances of retaliation due to his protected First Amendment conduct. Plaintiff did not identify any protected conduct or include his statement that he had intended to file a staff complaint. Administrative remedies may not be exhausted

5

where the grievance, liberally construed, does not have the same subject and same request for relief. *See Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (grievance that complained of visitation restrictions and did not mention an assault or theorize that the visitation restriction imposed was related to the assault, was insufficient to put prison officials on notice that staff conduct contributed to the assault).

Plaintiff's appeal did not mention Defendant Perez-Pantoja's threat on April 17, to tell other inmates he was an informant or the issuance of the false RVR. While an inmate appeal "need not contain every fact necessary to prove each element of an eventual legal claim," it must "alert the prison to a problem". *Griffin*, 557 F.3d at 1120. Plaintiff's failure to include any aspects of his retaliation claim prevented prison officials from being notified of the alleged retaliation. Simply put – the mere use of the word 'retaliation' without more discussion is insufficient.

Plaintiff's arguments in his opposition lack merit. Plaintiff argues that he exhausted administrative remedies when he described the issuance of the false RVR for the first time at the third level of review. However, proper exhaustion requires a substantive decision at each level of review. Cal. Code Regs. tit. 15, § 3084.1(b). An inmate may not circumvent the appeals process by raising new issues for the first time at the second or third level of review. Cal. Code Regs. tit. 15, § 3084.6(b)(16). Plaintiff was notified of this by the third-level reviewer, who stated, "The appellant has added new issues and requests to the appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action . . ." Defs.' Motion (dkt. 26-4) Moseley Decl. Ex. B. at 5. Plaintiff was notified that he would have to file a separate inmate appeal to address this issue, but he did not do so.

Plaintiff's inclusion of these allegations at the third level of the appeals process was improper and did not achieve an exhaust of his claim. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*.

6

at 90-91 (footnote omitted).

Plaintiff's argument that he lacked space to describe the retaliation is also unavailing. The appeal form contained enough space for Plaintiff to address both issues. Defs.' Mot. (dkt. 26-4) Moseley Decl. Ex. B. at 7, 9. Plaintiff chose to use all of the space to describe in specific and extra detail the excessive force incident.

Plaintiff also argues that he told prison officials about the retaliation during an interview about the excessive force appeal. Assuming that Plaintiff did verbally communicate this issue to officials, it still fails to properly exhaust the claim. The California exhaustion regulations are clear that an inmate must set out the facts of his claim using the inmate appeal form. Cal. Code Regs. tit. 15, § 3084.2(a). As noted above, proper exhaustion requires compliance with an agency's procedural rules. *See Woodford* at 90-91. Moreover, Plaintiff never raised any issues with the second-and third-level reviewers' failures to address the retaliation claim in their responses.

Finally, Plaintiff now argues that Grievance Number CTF-18-01511 and an additional appeal, Grievance Number CTF-18-03717, exhausted the retaliation claim. In his deposition, Plaintiff conceded that Grievance Number CTF-18-01511 was the only relevant appeal for this action. Plaintiff fails to create a disputed issue of fact by contradicting his deposition testimony in his opposition. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his [own] prior deposition testimony." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) (citation omitted). Regardless, even if the court considered Grievance Number CTF-18-03717, it still fails to exhaust the retaliation claim. The relevant incidents in this case occurred in April 2018. Grievance Number CTF-18-03717 involved an incident that occurred on November 24, 2018, when Defendant Guerra allegedly stated to Plaintiff, "want another round you loser . . . your 'snitch-02' [instead of 602] won't do anything. . . nothing (smiling). . . slap that [expletive] down every time." Pl.'s Opp. (dkt. 29) at 5-6. This November 2018 appeal would not have alerted prison officials to specific acts of retaliation alleged to have occurred in April 2018.

Defendants have met their burden in demonstrating that there was an available administrative remedy that Plaintiff failed to exhaust. Plaintiff has failed to present sufficient evidence that he exhausted the retaliation claim or that there is something in his particular case

that made the existing and generally available administrative remedies effectively unavailable to him.

In *Hackworth v. Tomlinson*, Case No. 17-cv-5569 BLF (N.D. Cal. June 7, 2019) (dkt. 28) the prisoner plaintiff alleged that the prison law librarian defendant retaliated against him by not providing him copies of legal records that were key evidence for a separate lawsuit because the law librarian knew the officer involved in the case. *Id*. at 2. The court dismissed the case as unexhausted because the only exhausted appeal accused the law librarian defendant of retaliation on that same day by not providing copies of cases when the computer froze. *Id*. at 6. The court noted that the exhausted inmate appeal did not involve the claim regarding key evidence being withheld that was required for a lawsuit, which was subject of the instant case. *Id*. at 11. The court was also unpersuaded by plaintiff's argument that he had raised the issue of the denial of his evidence while being interviewed for the appeal but that prison staff omitted that information from the appeal paperwork. *Id*. at 10-12. It was noted in the appeal response that plaintiff attempted to add new issues, but it was not appropriate to expand an appeal beyond the initial problem and the initially requested action. *Id*. at 10-11.

The Ninth Circuit affirmed the district court's finding that plaintiff failed to exhaust. *Hackworth v. Tomlinson*, 828 F. App'x 466 (9th Cir. 2020). The appellate court noted that exhaustion requires properly following the specified steps and that the grievance must alert prison officials to the nature of the wrong for which redress is sought. *Id*. at 466-67.

For all these reasons, summary judgment is **GRANTED** to Defendants regarding Plaintiff's failure to exhaust administrative remedies for his First Amendment retaliation claim.

## MOTION FOR JUDGMENT ON THE PLEADINGS

Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Rule 12(c) and Rule 12(b)(6) motions are functionally identical, and so the standards for a Rule 12(b)(6) motion also apply to a Rule 12(c) motion. *Gregg v. Hawaii*, 870 F.3d 883, 887 (9th Cir. 2017). The court takes as true the plausible and nonconclusory factual allegations in the complaint and draws all reasonable inferences from those allegations in plaintiff's favor. *See Herrera v. Zumiez, Inc.*, 953 F.3d 1063,

8

1068 (9th Cir. 2020). A Rule 12(c) motion may be granted when there is no issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009).

**Official Capacity Claims**

Plaintiff seeks relief against Defendants in their individual and official capacities. Compl. (dkt. 1) at 6-7. The Eleventh Amendment bars from the federal courts, suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985), *superseded by statute on other grounds as stated in Lane v. Pena*, 518 U.S. 187, 197-200 (1996). Relying in part on the Eleventh Amendment immunity discussed above, the Supreme Court also has held that neither a state nor its officials acting in their official capacities are "persons" under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Court noted that a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office, i.e., the state. Neither a state nor its officials acting in their official capacities therefore may be sued under § 1983. *Id*. Plaintiff's allegations against Defendants in their official capacities are, therefore, **DISMISSED**.

**Declaratory Relief**

Plaintiff also requests declaratory relief to establish that Defendants violated his First and Eighth Amendment rights. (dkt. 1) at 13. Plaintiff's First Amendment claim has been dismissed as unexhausted, and his request for declaratory relief for the Eighth Amendment claim is duplicative of his § 1983 claim seeking damages for the Eighth Amendment violation.  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).  "A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." *Mangindin v. Wash. Mut. Bank*, 637 F. Supp.2 d 700, 707 (N.D. Cal. 2009).  Where a claim for declaratory relief is merely duplicative of other causes of action asserted by a plaintiff, dismissal is proper. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765-66 (9th Cir.

2007). Because Plaintiff's Eighth Amendment claim survives, it can serve to hold Defendants accountable for their alleged constitutional violation; therefore, the duplicative request for declaratory relief is **DISMISSED**.

## CONCLUSION

Accordingly, for the reasons stated herein, Defendants' Motion for Partial Summary Judgment and for Judgment on the Pleadings (dkts. 26, 27) is **GRANTED**. Plaintiff's First Amendment retaliation claim is **DISMISSED without prejudice**. The remaining claim continues.

The parties will be **REFERRED** to a random Magistrate Judge for an early settlement conference to be held within the next 90 days or at the judge's convenience.

**IT IS SO ORDERED.**

Dated: March 3, 2022

ROBERT M. ILLMAN
United States Magistrate Judge